# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALEX MARTINEZ-RODRIGUEZ | * |
| Petitioner | * |
| v. | * Criminal No. 08-1598(SEC) |
| JUDITH MATIAS-DE-LEON, et al | * |
| Respondent | * |

**********************************

## OPINION AND ORDER

Before the Court is Petitioner Alex Martinez-Rodriguez's request for a writ of *habeas corpus*. (Docket # 2), and co-respondents  Judith Matias and Roberto Sanchez's ("the Government") motion to dismiss and opposition thereto (Docket # 12). After considering the parties' filings and the applicable law, Petitioner's motion (Docket # 2) is hereby **DENIED,** and the Government's motion to dismiss is **GRANTED.**

Petitioner, Alex Martinez-Rodriguez  was convicted in state court for first degree murder, attempted murder, violations of the Commonwealth's firearms law, and aggravate burglary. See Docket # 6 at 2. Petitioner filed the instant motion, *pro se*, arguing that his sentence is unconstitutional, in violation of Articles IV, V, and VI of the United States Constitution, because of alleged irregularities in the jury venire and his attorney's failure to afford him effective counsel. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court "may not disturb the state court's conclusion unless the 'adjudication of [the] claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Aspen v. Bissonnette, 480 F.3d 571, 573 (1st Cir. 2007)(citing 28 U.S.C. § 2254(d)(1)). An unreasonable application of federal law occurs when a state court "arrives at a conclusion opposite from that reached by the U.S. Supreme Court . . ." either on a question of law or materially indistinguishable facts, or if the state court properly identifies the correct legal principles but nevertheless, "(i) applies those principles to the facts

of the case in an objectively unreasonable manner; (ii) unreasonably extends clearly established legal principles to a new context where they should not apply; or (iii) unreasonably refuses to extend established principles to a new context where they should apply." Sleeper v. Spencer, 510 F.3d 32, 37-38 (1st Cir. 2007).

A second ground available is if the state court's decision ". . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). While reviewing a case under 28 U.S.C. § 2254, a federal court must operate with a presumption that the state court's decision was correct, and "the habeas petitioner may defeat the presumption of correctness only with clear and convincing evidence to the contrary." Ouber v. Guarino, 293 F.3d 19, 27 (1st Cir. 2002); Sleeper, 510 F.3d at 38.

Moreover, ". . .an ineffective assistance of counsel claim requires both deficient performance and prejudice." See Sleeper, id; see also Strickland v. Washington, 466 U.S. 668, 690-694(1984). This must be proven within the context of a highly deferential review, which inquires into whether or not counsel's actions were objectively reasonable given the circumstances. Accordingly, the petitioner must show that but for counsel's objectively unreasonable error, the result of the proceeding would have been different. Id. at 39.

**Applicable Law & Analysis**

Petitioner has emphatically expressed his counsel's failure to afford him effective representation. However, he only identifies two areas of his counsel's supposed shortcomings: 1) failure to oppose the selection of an allegedly illegal jury, and 2) the failure to file the appropriate appeals.

*Jury Selection*

With regards to the selection of the jury, Petitioner states: ". . . out of 98 members of

the jury panel, only 54 came in, 6 were excused." Docket # 6 at 3[1]. However, he does not aver that this alleged irregularity caused any specific prejudice, such as racial discrimination, or other bias amongst the jurors, nor that the jurors were selected from a certain swath of Puerto Rico society, and, thus, did not represent a fair sample of his peers. Furthermore, the Supreme Court of Puerto Rico has clearly established that even the nonobservance of the Guidelines for the selection of the list of jurors " . . . does not warrant a reversal unless it is shown that such departure was deliberate and intended to prejudice the defendant, or that it was fraudulent." Pueblo v. Laboy, 110 P.R. Dec. 164, 10 P.R. Offic. Trans. 208 (1980).

Rule 103 of the Rules of Criminal Procedure provides for the attendance of the number of jurors deemed necessary. Id. It states:

> Whenever the criminal matters of a part of the Court of First Instance require the attendance of a trial jury, the court shall render an order directing the appearance of the number of jurors it may deem necessary wand whose names shall be drawn.

P.R. Laws Ann. tit. 34, App. II R. 103. The plain text of this rule shows that it leaves the ultimate decision as to the number of jurors in the panel in the discretion of the trial court. Accordingly, in the absence of allegations that this ". . . had the effect of discriminating against or excluding a determined group of persons and thus diminish the possibility of achieving a cross section of the community, we cannot conclude that the constitutional right of the defendant to a trial by jury was violated." Laboy, 10 P.R. Offic. Trans. 208.  In the present case, the text of the rule does not favor Petitioner's allegations, and his failure to allege any specific bias in the selection of the venire, or grounds for believing said bias might have existed, means that his assertions do not hold water. Finally, the alleged original venire

---

[1] He further states that, "[t]he 6th Amendment Constitutional rights violation consist such as when the Commonwealth of Puerto Rico Prosecutor and the Puerto Rico Superior Court of Mayaguez in clear violation of the Puerto Rico Criminal Rules and Procedures, and the selection of jury members were violated, infected and was not fair and impartial thing that incur in a fundamental error and violation to such constitutional right and guarantee that should assist the plaintiff were violated to the exremes that is cause prejudice damage, and secure and obtain a criminal conviction for the Commonwealth of Puerto Rico. . ."

**Civil No. 08-1598(SEC)** 4
_____

of 54 would appear reasonable to this Court.

*Adequate Representation in the Appeals Process*

Additional to his argument based on the jury selection process, Petitioner also alleges that, ". . . during appeals matters [the] attorney did not file the appropriate certiorari writ and the habeas corpus filed . .  was not the correct legal writ to be used an counsel failed to include several issues before the courts." Docket # 13 at 4. Nevertheless, Petitioner has not identified a single one of the "several issues" his counsel failed to argue. He has also failed to coherently explain his counsel's actions during the appeals process, or proffer any argument as to why his counsel's alleged actions might have prejudiced him. Furthermore, he has not averred any grounds upon which his original sentence was erroneous, and that would have permitted overturning his sentence upon appeal. None of his allegations place this Court in a position to find that Petitioner's attorney gave him objectively unreasonable counsel and that, if true, they would undermine confidence in the outcome of the state court preceding. Sleeper, 510 F.3d at 39.  Piecemeal

Therefore, in light of the foregoing, this Court will GRANT the Commonwealth's motion to dismiss.  Petitioner's motion is accordingly **DENIED,** and this case is **DISMISSED.** Judgment is hereby entered accordingly.

    **SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of March, 2009.

    S/ *Salvador E. Casellas*
    SALVADOR E. CASELLAS
    United States District Judge